Johnson, J.
From the record, it appears that Welton was dead when the original judgment of January 12, 1869,. was rendered against him, though unknown to all parties, and that subsequently Snowden was appointed his administrator.
It further appears that, as such administrator, Snowden began proceedings in error, in the district court, to reverse-that judgment, assigning errors of law only as the ground for a reversal.
In said action in the district court, the defendants were served, and appeared by attorney and joined issue upon the-assignment of errors.
All the parties were thus before the court, and its judgment reversing the common pleas was final.
This court has just affirmed, in part, that judgment of reversal, and another mandate will be sent down, commanding the common pleas to proceed according to law. If the-last judgment of the common pleas, abating the action, after a mandate from the district court was received commanding that court to proceed, be correct, then a like-judgment will be equally proper when the mandate from this coui’t is received in the case just decided, and the common pleas may again dismiss the action, and so indefinitely each time its action is reversed.
The administrator was the proper party to represent the estate. A judgment had been rendered against his intestate after his death, and for that reason might be vacated by motion, under section 584 of the code, by a proceeding-in the nature of a writ of error coram nobis, assigning as-an error of fact the death of Welton before the judgment was rendered.
Had he chosen this course, the judgment would have- *478 been vacated, and the case would again stand for hearing on the motions to quash. Of course the court would again render the same judgments on these motions, and this time bind him as the personal representative, as a final judgment against his right to proceed in the action, and he would at last be driven to his proceeding in error.
He had nothing to gain by such a proceeding, under section 534, and might lose much by making the estate liable. As the judgment stood, it could not be successfully •enforced against the estate, but as it would stand, if he thus became a party to it, by proceeding under section 534, it would, until reversed on error, bind the estate for costs, if no further. Eor these reasons, as well as to avoid cir•cuity of action, we think the administrator might, in the first instance,, prosecute his action for errors of law appearing on the face of the record, and if he succeeded, he would have accomplished by one action all he could by two in the other mode.
In this action, in the district court, he was not seeking to reverse, because the plaintiff was dead when the judgment was rendered, and which was therefore void ; but for errors of law, which stood in his way of proceeding further in the cause of action.
In this action, all parties seemed to have acted in ignorance that the death of Welton was piior to the judgment sought to be x’eversed.
In that action, defendants appeared by counsel, and consented to a hearing in Pickaway county, and afterward ai’gued the case as made on ex’ror.
The district court reversed the judgment of dismissal and remanded the case.
All the pax’ties were then before the court upon these issues of law, and this j udgment restored to Snowden, administrator of Welton, all that Welton had lost by the ex’ror of the common pleas.
After it again reached the latter court, this motion to abate was filed and sustained. After January 12, 1869, it *479 ceased to be a pending action in that court, until it again was docketed under the mandate, in May, 1871.
The provisions of the code, under which the abatement was ordered, apply only to pending actions.
This action was not a pending action in the common pleas until the mandate was entered.
It was in the district court, where the plaintiff properly represented the action.
The district court reversed the judgment of dismissal, and remanded the case for further proceedings.
The legal effect of all these proceedings in error was, when the case reached the common pleas, that the action stood revived in the name of the personal representative, to be proceeded in according to law.
The action of the common pleas, in treating the case as one pending in that court, and subject to abatement as such, after being remanded, was clearly erroneous.

Judgment reversed and cause remanded.